UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MARY MUSSO WIFE OF/AND FRANK                CIVIL ACTION
MUSSO


VERSUS                                      NO: 06-4114


PROGRESSIVE NORTHWESTERN                    SECTION: J(3)
INSURANCE COMPANY ET AL.



                          **ORDER AND REASONS**

   Before the Court are two motions: (1) a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 10), filed by Defendant United Services Automobile Association ("USAA"); and (2) a Motion for Leave to Amend Complaint (Rec. Doc. 12), filed by Plaintiff.  Both motions were opposed and were set for hearing before the undersigned without oral argument on January 10, 2007.  After reviewing the memoranda of counsel and applicable law, the Court concludes, for the reasons that follow, that Plaintiff's motion to amend should be granted, which renders USAA's motion to dismiss moot.

                    **Background and Procedural History**

   On August 14, 2005, Debbie Pippen, an Arkansas resident, ran a red light in New Orleans and struck Frank and Mary Musso's automobile.  Plaintiffs were injured in the collision - as was their major daughter; however, Progressive Northwestern Insurance Company ("Progressive") paid their daughter's claim.  Plaintiffs

eventually sued Pippen and her automobile insurer, Progressive. Plaintiffs also attempted to sue their own uninsured motorist ("UM") insurer, which is named in the Complaint as both USAA Property and Casualty Insurance Company (in the caption) and USAA Insurance Company (in the body of the Complaint). Plaintiffs filed suit in federal court, asserting diversity jurisdiction. Although Plaintiffs referred to both Progressive and USAA Insurance Company as "foreign insurance compan[ies]", they did not specifically allege citizenship for either entity.

## The Parties' Arguments

**Motion to Dismiss:**

United Services Automobile Association ("USAA"), who claims it was incorrectly named as USAA Insurance Company in the Complaint, filed a motion to dismiss for lack of subject matter jurisdiction. USAA first asserts that the entire action should be dismissed because Plaintiff did not state its citizenship as required. Next, USAA states that there is no diversity as USAA is a reciprocal interinsurance exchange, which is composed of a number of members acting as an unincorporated association. Unincorporated associations are considered to be citizens of the states in which the association has members. Because there are members of USAA who are citizens of Louisiana, like Plaintiffs, there is no diversity of citizenship.

In opposition, Plaintiffs first assert that USAA has no

standing to bring a motion to dismiss because USAA is not a party to the suit and because the named defendant, USAA Property and Casualty Insurance Company, is a non-entity.  Plaintiffs note that USAA should not be able to argue that the entire Complaint should be dismissed while, at the same time, arguing that Plaintiffs have sued an entity that does not exist.  Plaintiffs have made no effort to cure this defect  and serve USAA under Rule 4(m) of the Federal Rules of Civil Procedure; thus, USAA is not a party.  Next, Plaintiffs claim that even if USAA is found to be a proper party, it is not an indispensable party and its continued presence would destroy this Court's diversity jurisdiction.  Thus, in lieu of dismissing the entire case, Plaintiffs seek leave to amend their Complaint under Rule 15(a)of the Federal Rules of Civil Procedure to dismiss USAA.  Plaintiffs claims that denial of leave to amend may only be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).  Plaintiffs contend that no such grounds exist in this instance.  Plaintiffs also assert that Rule 21 of the Federal Rules of Civil Procedure gives the Court the authority to dismiss a dispensable, non-diverse party at any time.  Fed. R. Civ. P. art. 21; Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). Plaintiffs assert that USAA is not an indispensable party and is

3

merely the UM carrier.  Essentially, Plaintiffs assert that there is no justification to dismiss the entire case on account of a non-essential defendant.  If Plaintiff's motion for leave is granted, USAA's motion to dismiss would be moot.

**Motion to Amend:**

Plaintiffs have discovered that their Complaint names a non-entity and now seek leave to amend the Complaint to dismiss that non-entity.  Plaintiffs assert that leave to amend should be allowed - especially because it was requested within a short period of time after receiving USAA's motion to dismiss.  If leave to amend is not granted, Plaintiffs assert that the prejudice that would result from the dismissal of Plaintiff's entire case greatly outweighs the prejudice that would result to any opposing party.  Further, Plaintiffs assert that Rule 21 of the Federal Rules of Civil Procedure gives the Court the authority to dismiss a dispensable, non-diverse party at any time.  Fed. R. Civ. P. art. 21.  Plaintiffs claim that even if USAA is found to be a properly named defendant, it is not an indispensable party as it is merely a UM carrier and its obligation would only arise if Pippen's insurance coverage is insufficient to satisfy Plaintiffs' claims.

In opposition, Defendants Progressive and Pippen oppose the motion to amend, claiming that they would be prejudiced because if Plaintiff is granted leave to dismiss USAA, Plaintiffs will

proceed against it in a separate suit in state court and it *could* result in Pippen and Progressive defending two suits simultaneously with two finders of fact - possibly issuing conflicting rulings.

## Discussion

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should "be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Thus, Rule 15(a) states a liberal amendment policy, and a motion to amend should not be denied absent a substantial reason to do so. See Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998). "This 'policy' is strongest when the motion challenged is the first motion to amend." Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir. 1981). However, leave to amend is by no means automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. Id. In exercising its discretion, the trial court may consider such factors as "undue delay, bad

5

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir.1981).

Here, diversity is lacking because certain members of USAA, an incorporated association, share the same citizenship as Plaintiffs.  See generally, Marydale Products Co. v. United Packinghouse Workers of America, AFL-CIO, 322 F.2d 224 (5th Cir. 1963).  Shortly after USAA filed a motion to dismiss the Complaint on those grounds, Plaintiffs filed a motion to amend the Complaint, seeking leave to dismiss USAA from the lawsuit, without prejudice.  If leave is not granted, Plaintiff's suit will be dismissed based on a lack of diversity.  Thus, justice requires that Plaintiffs be granted leave to amend their Complaint, which will cure the jurisdictional defect.  Thus, allowing Plaintiff's leave to amend would not be futile.  This is Plaintiff's first motion for leave to amend.  Plaintiffs have not delayed and are not in bad faith in asking for leave to do so. Accordingly,

**IT IS ORDERED** that the **Motion for Leave to Amend Complaint (Rec. Doc. 12)** should be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 10)** is hereby **DENIED as**

**moot.**

New Orleans, Louisiana this the 30th day of January, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE